OPINION *Page 2 
{¶ 1} Defendant Susan Ostrander appeals a judgment of the Municipal Court of Licking County, Ohio, entered in favor of plaintiff Lloyd Linkhorn on his complaint for an unpaid fee for an appraisal of appellant's home. Appellant assigns a single error to the trial court:
 {¶ 2} "I. WHETHER OR NOT THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FINDING THAT A VALID CONTRACT EXISTED AND WAS ENFORCEABLE IN LIGHT OF A MISTAKE."
 {¶ 3} Appellee completed an appraisal and submitted it with his invoice. Appellee's fee was $400.00. Thereafter, appellant contacted him with certain concerns about the appraisal. Appellee made some corrections and resubmitted the appraisal. Appellant was unhappy with the appraisal and offered $100.00 as payment in full for appellee's services. Appellee refused the offer and brought an action in Small Claims Court to recover his fee.
 {¶ 4} Appellant argues the court's verdict was against the manifest weight of the evidence. Specifically, she argues the court erred in finding the parties had entered into a contract, because there was a unilateral mistake in the type of appraisal to be done. Appellant argues appellee was to provide her with a listing appraisal. Appellee performed the appraisal according to Fannie Mae guidelines, which she argues are the guidelines to be used for mortgage companies for purchasing purposes.
 {¶ 5} At trial, appellee testified appellant told him she wanted the appraisal for listing purposes, while appellant testified she told appellee she needed the appraisal for two reasons, one being for listing purposes. Appellant testified she explained at great *Page 3 
length to appellee the problem she had had with the construction of the home, and stated she was pursuing litigation against the building company for damages that occurred during construction. Appellant testified she explained to appellee she needed to know the fair market value of the home to list it and also the fair market value of the home to be able to pursue her claim against the building company.
 {¶ 6} The magistrate found appellee provided an appraisal that met reasonable industry standards for determining fair market value, while appellant provided no expert testimony to the contrary. The court concluded there was a contract between the parties, and appellee did not breach the terms of the contract. Appellant filed objections to the magistrate's decision, and the trial court found the decision was based on competent, credible and reliable evidence.
 {¶ 7} When this court reviews a judgment challenged as being against the manifest weight of the evidence, we must defer to the findings of the trier of fact, and if the evidence is susceptible of more than one construction, we must give it the interpretation consistent with the judgment, Seasons Coal Company, Inc. v. City of Cleveland (1984),10 Ohio St. 3d 77, 461 N.E. 2d 1273. Thus, judgments supported by some competent and credible evidence which goes to all the essential elements of the case may not be reversed by a reviewing court as against the manifest weight of the evidence, Id. at 80, citing CE. Morris Company v.Foley Construction Company (1978), 54 Ohio State 2d 279,376 N.E. 2d 578.
 {¶ 8} We have reviewed the transcript of proceedings and the record before us, and we find there is sufficient, competent and credible evidence to support the trial court's judgment. *Page 4 
 {¶ 9} The assignment of error is overruled.
 {¶ 10} For the foregoing reasons, the judgment of the Licking County Municipal Court is affirmed.
 Gwin, P.J., Hoffman, J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant. *Page 1